UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:22-CR-00521-SRC ) |
| DWAUNDRE K. VALLEY, | ) ) |
| Defendant. | ) ) |

**SENTENCING MEMORANDUM OF THE UNITED STATES**

The United States of America, by and through Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Jonathan A. Clow, Assistant United States Attorneys for said District, submits its Sentencing Memorandum and respectfully recommends that this Court impose a sentence of 12 months' imprisonment, which falls at the high end of the United States Sentencing Guidelines ("Guidelines") range.[1]  Such a sentence is warranted under the relevant sentencing factors.

**I.  A sentence of imprisonment at the high end of the Guidelines range is appropriate based on the relevant sentencing factors.**

In imposing a sentence, this Court must consider the relevant factors enumerated in 18 U.S.C. § 3553(a) and "make an individualized assessment based on the facts presented." *Gall v. United States*, 552 U.S. 38, 50 (2007). Section 3553(a) instructs that this Court must:

> impose a sentence sufficient, but not greater than necessary, to accomplish the goals of sentencing, including to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to

---

[1] The United States agrees with Guidelines calculation for Defendant as set forth in the Presentence Investigation Report.  Specifically, Defendant has a total offense level of 10 and a criminal history category of I, resulting in a Guidelines range of 6 to 12 months of incarceration.  *See* Doc. 53 ("PSR"), paras. 23 – 44, 67.

1

> criminal conduct, and to protect the public from further crimes of
> the defendant.

*Kimbrough v. United States*, 552 U.S. 85, 101 (2007) (cleaned up). Under the statute, this Court should also consider "'the nature and circumstance of the offense,' 'the history and characteristics of the defendant,' 'the sentencing range established by the Guidelines,' 'any pertinent policy statement' issued by the Sentencing Commission pursuant to its statutory authority, and 'the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.'" *Id.* (quoting 18 U.S.C. § 3553(a)). Here, the relevant sentencing factors demonstrate that a sentence of 12 months' imprisonment is appropriate.

The nature and circumstances of Defendant's crime are serious and warrant a sentence at the high end of the Guidelines range. On three separate occasions in March and April 2022, Defendant attempted to unlawfully obtain a United States Postal Service (USPS) arrow key by bribing multiple USPS postal carriers with promises of paying upwards of $5,000 for a key. Arrow keys are used to open USPS collection boxes and, as such, are entrusted to USPS postal carriers for the collection of U.S. mail. While Defendant's conduct is serious in and of itself, it is important to place Defendant's actions in context to fully understand the seriousness and impact of his crime and what undoubtedly was the motivation for his bribery.

Defendant's crime comes at a time when mail theft has been on the rise both locally[2] and nationally,[3] a problem that has been well-publicized. In particular, criminals steal mail placed in USPS collection boxes, often with the goal of obtaining checks from the stolen mail and then using those checks to commit fraud. As such, arrow keys are valuable to criminals engaged in these types of crimes, and criminals attempt to obtain such keys in various ways, including by bribing USPS employees to give up the keys issued to those employees. Mail theft has real consequences for the community. It undermines the public's sense of security and confidence in a vital government service. In response to these thefts, many local law enforcement agencies have advised residents to avoid depositing mail in collection boxes. Defendant's actions have

---

[2] *See, e.g.* Allie Corey, *USPS, Brentwood police investigate stolen mail from postal drop box*, KSDK.com, March 18, 2022, https://www.ksdk.com/article/news/local/usps-brentwood-police-stolen-mail/63-c18ef3e6-83b6-4cc1-a261-c65601cfacfe; Jaime Mowers, *Blue Boxes Targeted As Mail Theft On The Rise*, Webster-Kirkwood Times, May 16, 2022, https://www.timesnewspapers.com/webster-kirkwoodtimes/blue-boxes-targeted-as-mail-theft-on-the-rise/article_c746d75e-d1fb-11ec-b145-33bc31b6b2b8.html; Taylor Tiamoyo Harris, *Chesterfield woman defrauded of nearly $10K after mail theft and check forgery*, STLToday.com, Aug. 19, 2022, https://www.stltoday.com/business/local/chesterfield-woman-defrauded-of-nearly-10k-after-mail-theft-and-check-forgery/article_602aa1f8-060c-5931-ac88-a53a5b15972e.html; Gregg Palermo, *Chesterfield Police: avoid post office dropboxes amid mail theft spree*, Spectrum News, Aug. 31, 2022, https://spectrumlocalnews.com/mo/st-louis/news/2022/08/31/chesterfield-police--avoid-post-office-dropboxes; Diamond Palmer, *Some south St. Louisians think twice about putting mail in blue collection box*, KSDK.com, Dec. 21, 2023, https://www.ksdk.com/article/news/local/some-south-st-louis-residents-say-theyll-think-twice-about-putting-mail-in-their-blue-collection-box-after-it-was-left-wide-open-this-week/63-54249f26-91da-4d41-8775-f6c1edbc86c5.

[3] *See, e.g,* Jacob Bogage, *Mail theft is rising. Here's how to safeguard your envelopes.*, Washington Post, July 5, 2023, https://www.washingtonpost.com/business/2023/07/05/mail-theft-postal-service/; David Sharp, *"Outraged" letter carriers demand action to stop robberies*, Associated Press, May 8, 2023, https://apnews.com/article/usps-postal-carrier-robberies-d53f77fbd357ba3c87d9c43bcaf9da33; Aimee Picchi, *Avoid mailing your checks, experts warn. Here's what's going on with the USPS.*, CBSNews.com, June 22, 2023, https://www.cbsnews.com/news/us-postal-service-warning-checks-mail-fraud-theft/.

contributed to this larger problem, and any sentence needs to account for that fact, promote respect for the law, and deter others from engaging in similar conduct in the future.

Defendant's history and characteristics also speak to the need for a sentence at the high end of the Guidelines range.  Though Defendant has no prior convictions, his multiple pending criminal cases, including multiple felony charges, distinguish him from other defendants with zero criminal history points under the Guidelines.  Those pending criminal cases include felony charges in St. Louis County for unlawful use of a weapon and resisting arrest, creating substantial risk of serious injury or death, stemming from Defendant's flight from police officers who were attempting to pull over his vehicle on November 3, 2020.  During the high-speed chase on which Defendant led police, officers were forced to spike strip his vehicle, and Defendant pointed a firearm at an officer as the officer attempted to curb his vehicle.  *See* PSR, para. 41.  Defendant is also charged in St. Louis County with trafficking in stolen identities.  This case is based on a traffic stop of Defendant's vehicle on January 24, 2021, during which law enforcement found Defendant in possession of multiple debit/credit cards in other individuals' names, over $18,000 in cash, and a firearm.  *See* PSR, para. 42.  Finally, Defendant is charged in St. Louis City with resisting arrest by fleeing, creating a substantial risk of serious injury or death, after Defendant again fled from police officers who were attempting to perform a lawful traffic stop on March 10, 2022.  During this incident, Defendant fled at a high rate of speed, drove into oncoming traffic, and again forced officers to deploy spike strips to stop his vehicle.  *See* PSR, para. 43.  Defendant's offense in this case continued after all of these incidents.  As this history demonstrates, Defendant has remained undeterred from criminal activity despite his multiple arrests and criminal charges, and a 12-month sentence is necessary to adequately deter others from similar conduct and to protect the community from Defendant's crimes.

As the law requires, the factors described above must be balanced against the history and characteristics of Defendant. The Presentence Investigation Report identifies mitigating factors in this case, including Defendant's age at the time of the offense and family history. *See* PSR, para. 89. While these are certainly relevant facts that the Court must consider, they do not counteract the nature and circumstances of Defendant's offense and his criminal history. Balancing all of the relevant factors, the United States believes that a sentence at the high end of the Guidelines range is appropriate and respectfully requests a sentence of 12 months' imprisonment.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

*/s/ Jonathan A. Clow*
JONATHAN A. CLOW, #68003MO
Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, Missouri 63102
(314) 539-2200